UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED FARM WORKERS OF AMERICA; et al.,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; et al.,<br><br>Defendants - Appellants. | No. 25-4047<br><br>D.C. No. 1:25-cv-00246-JLT-CDB<br>Eastern District of California, Fresno<br><br>ORDER |

Before: SCHROEDER, CHRISTEN, and FORREST, Circuit Judges

Defendants appeal the district court's order granting a preliminary injunction in response to Plaintiffs' allegations that, during a three-day period in January 2025 around Kern County, California, Border Patrol agents detained individuals without reasonable suspicion in violation of the Fourth Amendment and arrested individuals without probable cause of flight in violation of 8 U.S.C. § 1357(a)(2). On appeal, Defendants contend that the district court failed to engage in the correct standing analysis before granting preliminary prospective injunctive relief. We agree and remand to the district court for the limited purpose of addressing standing.

To establish Article III standing, a plaintiff must establish: (1) an injury in fact that is "concrete and particularized" and "actual or imminent"; (2) "that the injury was caused by the defendant"; and (3) that "the injury will likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Standing must be established "for each form of relief that is sought," *Davis v. FEC*, 554 U.S. 724, 734 (2008) (quotation marks and citation omitted), and any remedy must be "tailored to redress the . . . particular injury," *Gill v. Whitford*, 585 U.S. 48, 73 (2018). Claims for prospective relief implicate Article III's requirement that a plaintiff "establish a sufficient likelihood of future injury." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024); *see Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409–10 (2013) (holding that plaintiffs challenging government's authority to conduct surveillance of individuals abroad lacked standing because an "injury must be *certainly impending*" and plaintiffs could only speculate that their communications would be intercepted (emphasis in original)).

The district court considered only Plaintiffs' allegations of past harm. Although past harm may support standing to seek damages, it does not, on its own, establish standing to seek prospective injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (explaining that evidence of past wrongs "in itself" is insufficient to establish standing for prospective relief but may bear on whether

there is a real and immediate threat of repeated injury). Defendants did not raise in the district court the standing arguments they now advance on appeal, but standing is a jurisdictional consideration that cannot be waived by the parties. *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662–63 (2019).

Accordingly, we remand to the district court for the limited purpose of determining in the first instance whether Plaintiffs have standing to seek prospective relief. Without assurance of standing, we lift the preliminary injunction, but if new allegations of harm arise during the pendency of this remand, nothing precludes the district court from considering additional requests for relief. The parties shall notify this court when the district court has made the ruling identified in this order within five days of issuance. In the event the district court has not ruled within 120 days of this order, the parties shall file a status report at that time. We note that we previously denied Defendants' motion to supplement the record with a muster issued after the district court's ruling. If, on remand, the district court considers the muster or any other additional evidence, the parties shall clearly identify the materials considered by the district court.

Subject to this limited remand, we retain jurisdiction over this appeal. *See Cel-A-Pak v. Cal. Agric. Lab. Rels. Bd.*, 680 F.2d 664, 668 (9th Cir. 1982) (per curiam) (noting the "power to retain appellate jurisdiction and order a limited

remand”). We stay further proceedings in this court while this matter is before the district court on remand.

**REMANDED** for further proceedings consistent with this order.